[No. 2629.]

## G. H. Want v. The State.

1. Final Judgment in Misdemeanors.—Article 805 of the Code of Criminal Procedure prescribes the substantial requisites of a final judgment of conviction in a misdemeanor case, and compliance with these requisites is essential to the validity of the judgment. *Braden v. The State*, *ante*, page 22, cited and approved.

2. Same.—The formal recitals preliminary to the final judgment are the same as those prescribed for felony cases by Article 791, except that the tenth and eleventh clauses of that Article are not requisite in misdemeanors.

Appeal from the County Court of Tarrant. Tried below before the Hon. R. E. Beckham, County Judge.

The indictment charged that the appellant, on May 21, 1882, "with force and arms did unlawfully labor on Sunday, against the peace and dignity of the State," and in a second count it charged that at the same time and place he "did compel and force one of his employees, to wit, Guy Price, to labor on Sunday; contrary," etc.

The statement of facts shows that the appellant and one Mayfield owned two buildings in Tarrant county, at a place known as Mineral Wells, which was resorted to by ladies and gentlemen on Sunday, for pleasure. In one of the buildings there was a hotel, and visitors were permitted to use the other as a skating rink. Guy Price was a clerk in the hotel under the employment of appellant and Mayfield, who also owned a supply of skates, which they kept in the hotel and rented to the skaters at twenty-five cents per pair per hour. On the day laid in the indictment, it being Sunday, the said proprietors "caused said Guy Price to rent said skates to such visitors (at twenty-five cents per hour per pair) as might wish to use the same, which skates were then and there used by ladies and gentlemen in skating in said rink during several hours."

The parties having waived a jury, the county judge found the appellant guilty, and adjudged against him a fine of ten dollars. A new trial being refused, the defendant appealed.

No brief for the appellant.

*J. H. Burts,* Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE. All the requisites of a final judgment proper in misdemeanor cases where the punishment assessed is a pecuniary fine only are those prescribed in Article 805 of the Code of Criminal Procedure. Of course the formal recitations preliminary to the judgment would be substantially the same as in cases of felony (Code Crim. Proc., Article 791), viz:

" 1. The title and number of the case.

" 2. That the case was called for trial and that the parties appeared.

" 3. The plea of the defendant.

" 4. The selection, empaneling and swearing of the jury (if the case be tried by a jury).

" 5. The submission of the evidence.

" 6. That the jury was charged by the court (if a charge was given).

" 7. The return of the verdict.

" 8. The verdict."

The two other provisions of Article 791 are not essential or requisite in misdemeanors.

After the formal recitals, the judgment in this case is, "that the State of Texas do have and recover of and from the defendant, G. H. Want, said sum of ten dollars ($10.00), assessed as aforesaid, together with all costs herein incurred; for which said fine and costs execution may issue."

Defendant, as shown by the record, being present in court at the rendition of this judgment, the same is not such a judgment as the law directs and requires should be rendered. The judgment should have been that defendant "be committed to jail until such fine and costs are paid." (Code Crim. Proc., Art. 805; *Braden* v. *The State,* just decided, *ante,* p. 22.)

For want of a valid final judgment, the motion made by the Assistant Attorney General will be sustained, and the appeal dismissed.

*Appeal dismissed.*

Opinion delivered April 7, 1883.